UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC FONTENELLE                                    CIVIL ACTION

VERSUS                                             21-388

DENISE NARCISSE                                    SECTION: "J" (2)

## ORDER & REASONS

Before the Court is a petition for issuance of a writ of habeas corpus (Rec. Doc. 1); a response in opposition filed by Defendant (Rec. Doc. 5); the Magistrate Judge's Report and Recommendation (Rec. Doc. 6); and an objection filed by Petitioner (Rec. Doc. 7). Having considered the petition, the applicable law, the Magistrate Judge's Report and Recommendation, and Petitioner's objection, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's 2016 guilty plea to two counts of indecent behavior with a juvenile under age thirteen. (Rec. Doc. 6, at 1–2). Following Plaintiff's guilty plea, he submitted a letter requesting that his guilty plea be set aside, a motion which the trial court denied. (*Id.* at 2). After a series of unsuccessful appeals, Plaintiff submitted the instant petition for federal habeas corpus relief under 28 U.S.C. § 2254. (*Id.* at 4–5). The matter was referred to Magistrate Judge Currault for a report and recommendation. Plaintiff subsequently filed an objection to Judge Currault's report, claiming that the inadequacy of the library in the detention center in which he is incarcerated constitutes a state-created impediment under 28 U.S.C. § 2244(d)(1)(B).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a § 2254 petition be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In his objection, Plaintiff specifically cites the Fifth Circuit case *Egerton v. Cockrell* and argues that he was subject to a state-created impediment because he did not have access to sufficient legal material while incarcerated. 334 F.3d 433 (5th Cir. 2003); (Rec. Doc. 7, at 2–3). In *Egerton*, the court held that an inadequate prison library *may* constitute a state-created impediment under 28 U.S.C. § 2244(d)(1)(B). However, since *Egerton* was decided, most courts have found that its scope is limited to the unique facts of that case. Specifically, one court noted:

> In making that ruling [in *Egerton*], the Court stopped short of permitting a dearth of research material to excuse every late filing, concluding, "an inadequate prison law library may constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." [*Egerton*, 334 F.3d] at 439 (emphasis added). In *Egerton*, no copy of the AEDPA was available in the prison, but the prisoner promptly filed his state, and then his federal, habeas petitions after being moved to a facility with an adequate law library. As the district court stated in *Neal v. Bradley*, Civil Action No. 2:05cv67, 2006 WL 2796404 at *2 (N.D. Miss., Sept. 25, 2006), the rule adopted in

2

> *Egerton* is "extremely circumscribed," and inmates are attempting to expand its holding far beyond the narrow set of facts to which it applies. *Egerton* was incarcerated prior to 1996, and was unaware of AEDPA's passage; and since his facility had no copy of the AEDPA, he had no way of learning of its passage until after the limitations period had run. *Id.* at *3.

*Madison v. Scott*, Civ. Action No. 11-cv-00243, 2011 WL 7561510, at *3 (S.D. Miss. Aug. 4, 2011), adopted, 2012 WL 930932 (S.D. Miss. Mar. 19, 2012); *see also Hamm v. Deville*, Civ. Action No. 15-5012, 2016 WL 8578101, at *3-4 (E.D. La. Apr. 20, 2016); *Marshall v. Hedgemon*, Civ. Action No. 16-285, 2016 WL 8739198, at *4-5 (E.D. La. Nov. 4, 2016); *Dufrene v. Ramos*, No. 16-13822, 2016 WL 6311122, at *3-4 (E.D. La. Oct. 6, 2016).

Additionally, in 2011, the Fifth Circuit revisited its *Egerton* decision and noted the narrowness of its scope. In *Krause v. Thaler*, the Fifth Circuit wrote:

> To prevail, [a petitioner] must allege more than that the library was inadequate. The Supreme Court has stated: "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense . . . [T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."
>
> *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (noting that there is no "abstract, freestanding right to a law library or legal assistance"); see also *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Rather, he must also show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition. See *Felder*, 204 F.3d at 171 n.9 (5th Cir. 2000) (holding that where a prisoner filed his habeas petition before he had access to AEDPA, the lack of access to AEDPA was not an [*sic*] did not prevent him from filing an application) . . . .

3

637 F.3d 558, 561 (5th Cir. 2011). Accordingly, courts have held that the inquiry turns only on whether a petitioner has shown that the deficiencies in the prison library actually *prevented* him from seeking relief in a timely manner. *Dufrene*, 2016 WL 6311122, at *4.

Here, Fontenelle has failed to make such a showing. Instead, he simply states: "[T]he facility is . . . really foreign with legal access better yet foreign with federal rules for state prisoners seeking federal review" and claims that there were "[n]o AEDPA rules available . . . there's no legal aid to enlighten petitioner about a protective federal petition." (Rec. Doc. 7, at 2–3). Such conclusory allegations, on their own, are insufficient to establish that the deficiencies in the prison library *prevented* petitioner from timely seeking relief. As such, this Court cannot conclude that 28 U.S.C. § 2244(d)(1)(B) applies in this case and Fontenelle's petition is, therefore, untimely.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that that Plaintiff's objection (Rec. Doc. 7) is **OVERRULED**, and the Magistrate Judge's Report and Recommendations (Rec. Doc. 6) are **APPROVED** and **ADOPTED** as the Court's opinion.

**IT IS FURTHER ORDERED** that Plaintiff Eric Fontenelle's petition for issuance of a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 19th day of November, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE